UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:08-CV-00090-RLV-DSC

| | |
|---|---|
| MARKET CHOICE, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) **CONSENT PROTECTIVE** |
| | ) **ORDER** |
| NEW ENGLAND COFFEE COMPANY and RITEWAY SALES AND MARKETING, | ) ) ) |
| Defendants. | ) |

This case is before the Court for entry of a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("F. R. Civ. P."). The Parties have informed the Court that: (i) the Parties have served or will serve interrogatories pursuant to F. R. Civ. P. 33, requests for the production of documents pursuant to F. R. Civ. P. 34, and subpoenas pursuant to F. R. Civ. P. 45 that seek or will seek information that the Parties object to providing without a protective order to preserve the confidentiality of confidential personnel, financial or proprietary information and documents; (ii) the Parties may hereafter notice depositions pursuant to F. R. Civ. P. 30 during the course of which information may be sought that other parties may object to disclosing without this Protective Order to preserve the confidentiality of confidential personnel, and/or financial information and documents; and (iii) the Parties have agreed to the entry of this Protective Order to resolve such objections. The Court believes that entry of this Protective Order is in the interest of all parties and in the fair and efficient administration of justice. Therefore, until further order of this Court, it is hereby ordered as follows:

1. The following definitions shall apply in this Order:

    A. The term "document" or "documents" means the embodiment, in any form, of any attempt, by any means, to utilize, memorialize, or communicate thoughts or information and shall include, but not be limited to, the original and all copies, regardless of origin, location, or form of any paper, pamphlet, periodical, letter, memorandum, telegram, telex, cable, other correspondence, report, record, study, note, notices, diary, calendar, working paper, chart, computer disk, computer file, electronic mail, floppy disk, hard disk, computer data storage device, book, graph, business record, appointment book, notebook, pleading, or litigation paper, as well as any other tangible things on which thoughts or information is recorded (including audio recordings of any kind);

    B. The term "Confidential Documents" means any and all documents (as defined above and excluding documents that constitute attorney work product) from the files or possession of any of the parties (or copies, notes, extracts, or summaries created therefrom), which contain, communicate, or disclose information of or about personnel records, non-public corporate information, financial information, proprietary information (including but not limited to operational, strategic and/or competitive information), or any other matter the disclosure of which would disadvantage, damage, or prejudice the Producing Party or any non-party. The term "Confidential Documents" specifically includes the information contained therein.

    C. The term "Confidential Information" means any and all information, whether contained in Confidential Documents or not, provided by any of the parties in the course of discovery in this action that concerns, relates to or discloses personnel, financial or proprietary matters, or any other matter the disclosure of which would disadvantage, damage, or prejudice the Producing Party or any non-party.

D. The term "Producing Party" as used herein means the party to this lawsuit who produced a document or provided information designated as "Confidential" pursuant to this Order.

E. The term "Receiving Party" means a party who has received from another party a document or information designated as "Confidential" pursuant to this Order.

2. None of the parties or their counsel shall use Confidential Documents produced or Confidential Information provided by any other party in this action for any purpose other than their prosecution or defense of this action.

3. If any party produces any documents that it believes constitute Confidential Documents (as defined herein) or provides any information that it believes constitutes Confidential Information (as defined herein), it shall stamp each such document or label such information, including deposition transcripts or portions thereof, "Confidential." Confidential designations shall be made at the time of production or, in the case of deposition transcripts, within 10 days of receipt of the transcript. If any other party believes that any item thus designated should be excluded from the scope of this Protective Order, that party or its counsel shall meet and confer with counsel for the party producing the item to resolve any disagreement. If the parties are unable to resolve their differences, such other party may apply to the Court for a declaration as to whether the particular item should be within the scope of this Protective Order.

4. No person other than the Producing Party or its counsel of record shall disclose to any other person Confidential Documents (as defined herein) or Confidential Information (as defined herein) unless all terms and conditions in this Order are satisfied; and upon satisfaction of such terms and conditions, the Confidential Documents and Confidential Information may be disclosed only to the following persons:

A. Counsel of record for the Receiving Party and the employees of such counsel who are assisting in preparing for the hearing or trial of this matter;

B. Receiving Party and employees of the Receiving Party who need to see such documents to assist in preparing for the hearing or trial of this matter;

C. Employees of any liability insurance carrier providing coverage or a defense to the Receiving Party;

D. Persons specifically retained or consulted by the Receiving Party to assist in preparing for the hearing or trial of this matter (such as consultants and other experts) who are not regular employees of the Receiving Party or counsel of record for such party, but only if such persons need the Confidential Documents or Confidential Information to render such assistance (such persons may not retain the Confidential Documents or disclose the Confidential Information after their participation in the case is ended); and

E. Any deposition or trial witness at a deposition, hearing, or trial to the extent that it is necessary to tender to such witness a Confidential Document or disclose Confidential Information to elicit testimony relevant to the matters at issue in this case.

5. Before any person is given access to Confidential Documents or Confidential Information therefrom under subparagraphs 4.B, 4.D and 4.E above, the Receiving Party's counsel shall provide such person with a copy of this Order and require such person to execute a written acknowledgment (attached as Exhibit A) that he or she understands the terms of this Order and agrees to abide by them. (In the case of a deposition or trial witness, it shall be sufficient to provide the witness with a copy of the Order and obtain his or her acknowledgment one time prior to commencement of the deposition or testimony, and it shall not be necessary to repeat the process each time the witness is shown additional confidential documents or may be provided with

confidential information.)  A copy of such written acknowledgment shall be furnished to counsel for the Producing Party.  In the event any non-party deponent or trial witness refuses to execute such written acknowledgment, such deponent or trial witness may be shown Confidential Documents or provided with Confidential Information only during his or her actual testimony and may not retain a copy of such documents or information.

6. Each person given access to Confidential Documents or Confidential Information pursuant to this Order shall keep such material strictly secure, and refrain from disclosing in any manner any such documents or information, and shall keep such documents and information confidential except as otherwise provided by the terms of this Order.

7. Before filing any information that has been designated "CONFIDENTIAL INFORMATION" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed.  If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule ("LCvR") 6.1, WDNC, with notice served upon the producing party.  The filing of the materials under seal shall not be binding on the Court, however.  Within 10 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law in accordance with LCvR 6.1(c). The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed.  The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the

movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

8. Upon conclusion of this action, including all appeals, the provisions hereof relating to the access to and use of Confidential Documents and Confidential Information shall continue to be binding upon all persons entitled to access under the terms of this Order, and the Receiving Party and counsel for such party shall represent in writing to the Producing Party that all such Confidential Documents and all copies, summaries, extracts and notes concerning Confidential Information have been destroyed.

9. Nothing herein shall: (i) preclude a Producing Party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as it may deem appropriate; (ii) preclude any party from objecting to the discoverability of any documents or information on appropriate grounds; (iii) limit a party's or its counsel's use of its own documents or any documents obtained outside the discovery process in this action; or (iv) waive a party's right to object to the admissibility of documents or discovery materials.

10. The parties shall confer among themselves concerning measures that should be taken during trial of this cause to satisfy the requirements of confidentiality consistent with the right of all parties to present all admissible evidence necessary for a proper resolution of this case.

11. This Order may be modified by the Court upon application of any party for good cause shown.

**SO ORDERED**.  Signed: December 10, 2009

David S. Cayer
United States Magistrate Judge

**WE CONSENT:**

s/ Robert C. Dortch, Jr.
Robert C. Dortch, Jr. N.C. State Bar No. 10857
Michelle Price Massingale N.C. State Bar
   No. 29628
Attorneys for Plaintiff
Sellers, Hinshaw, Ayers, Dortch & Lyons, P.A.
301 S. McDowell Street
Charlotte, NC  28204
Telephone:  (704) 377-5050
Facsimile:   (704) 339-0172
Email:  bdortch@sellershinshaw.com
       mmassingale@sellershinshaw.com

s/ J. Travis Hockaday
Susan H. Hargrove N.C. State Bar No. 18771
J. Travis Hockaday N.C. State Bar No. 31588
Attorneys for Defendant NEC
Smith, Anderson, Blount, Dorsett,
   Mitchell & Jernigan, L.L.P.
Post Office Box 2611
Raleigh, NC 27602
Telephone:  (919) 821-1220
Facsimile:  (919) 821-6800
Email:  shargrove@smithlaw.com
       thockaday@smithlaw.com

s/ J. Douglas Grimes
J. Douglas Grimes N.C. State Bar No. 32699
Mel J. Garofalo N.C. State Bar No. 7899
Attorneys for Defendant Riteway Sales
   and Marketing
Hedrick Gardner Kincheloe & Garofalo, LLP
Post Office Box 30397
Charlotte, NC  28230
Telephone:  (704) 366-1101
Facsimile:  (704) 319-5435
Email:  jgrimes@hedrickgardner.com
       mgarofalo@hedrickgardner.com

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:08-CV-00090

| | |
|---|---|
| MARKET CHOICE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NEW ENGLAND COFFEE COMPANY and | ) |
| RITEWAY SALES AND MARKETING, | ) |
| | ) |
| Defendants. | ) |

**PROTECTIVE ORDER ACKNOWLEDGMENT STATEMENT**

By signing this Protective Order Acknowledgment Statement, I certify that I have read the Protective Order entered by the Court in the above-captioned matter, understand its terms and agree to abide by them. I understand that the terms of this Order include a requirement that I keep all Confidential Documents and Confidential Information that I may be given access to, secure and confidential and that I refrain from disclosing any such matters to anyone, except as may be provided by the terms of the Protective Order.

_____
Signature                Date