# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL NO. 5:08CV90-RJC-DSC

| MARKET CHOICE, INC., | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | <u>ORDER</u> |
| NEW ENGLAND COFFEE COMPANY and RITEWAY SALES AND MARKETING, | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on Defendant New England Coffee Company's "Motion to Compel and For Expenses" (document #89) filed December 10, 2009; and the parties associated briefs. <u>See</u> documents ## 90, 93 and 94.

In their most recent briefs, the parties agree that Plaintiff has now provided responses to Defendant's written discovery requests. The only remaining issue is whether Defendant may recover from Plaintiff its costs, including attorney's fees, incurred as a result of Plaintiff's admitted failure to serve proper responses in a timely manner.

The Court concludes in its discretion that imposition of costs is not warranted <u>at this time</u>. However, the undersigned specifically warns Plaintiff that any further failure to respond to Defendant's reasonable discovery requests, or to comply with the Court's Orders, the Local Rules, or the Rules of Civil Procedure may result in the imposition of sanctions. **Sanctions can include Plaintiff being required to pay Defendant's costs, including reasonable attorney's fees, and**

**may also include dismissal of this lawsuit with prejudice**.[1]  Moreover, the denial of Defendant's Motion will be <u>without prejudice</u> to Defendant's right to renew its Motion and seek reimbursement for costs already incurred and future costs, as well as monetary or other sanctions.

**NOW, THEREFORE, IT IS ORDERED**:

1. Defendant New England Coffee Company's "Motion to Compel and For Expenses" (document #89) is **DENIED WITHOUT PREJUDICE** to Defendant's right to renew its Motion should Plaintiff fail to participate in discovery in compliance with the Court's Orders, the Local Rules, and the Rules of Civil Procedure

2. The Clerk is directed to send copies of this Order to counsel for the parties;  <u>and to the Honorable Richard L. Voorhees</u>.

**SO ORDERED**.

Signed: January 4, 2010

David S. Cayer
United States Magistrate Judge

---

[1] The Fourth Circuit has emphasized the significance of both establishing a history of dilatory action and warning to the offending party of what may follow prior to dismissing the action. <u>See, e.g.</u>, <u>Hathcock v. Navistar Int'l Transp. Corp.</u>, 55 F.3d 36, 40 (4th Cir. 1995); <u>Choice Hotels Int'l v. Goodwin & Boone</u>, 11 F.3d 469, 473 (4th Cir. 1993); <u>and</u> <u>Lolatchy v. Arthur Murray, Inc.</u>, 816 F.2d 951, 953 (4th Cir. 1987).