**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL NO. 5:08CV90-RLV-DSC**

| | |
|---|---|
| **MARKET CHOICE, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| **NEW ENGLAND COFFEE COMPANY** ) | **AND ORDER** |
| **and RITEWAY SALES AND** ) | |
| **MARKETING,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's "Motion for Sanctions" (document #96) and "Defendant New England Coffee Company's Memorandum of Law in Support of Motion for Sanctions" (document #97) and Defendant's "Second Motion to Compel and for Expenses"(document #98) and "Defendant New England Coffee Company's Memorandum of Law in Support of Second Motion to Compel and for Expenses" (document #99) all filed February 9, 2010; and "Plaintiff's Response to New England Coffee Company's Motion for Sanctions and Motion to Compel" (document #100) filed February 23, 2010. On March 1, 2010, Defendant New England Coffee Company filed its "Reply to Plaintiff's Response to Defendant New England Coffee Company's Motion for Sanctions" (document #101) and "Reply to Plaintiff's Response to Defendant New England Coffee Company's Second Motion to Compel and for Expenses" (document #102).

On March 3, 2010, Plaintiff's counsel informed chambers' staff that the case has settled and that the parties will be filing a stipulation of dismissal within the next few days. Based on this information, the undersigned will **deny** Defendant's "Second Motion to Compel and for Expenses"

(document #98) as moot and will respectfully recommend **denying** Defendant's "Motion for Sanctions" (document #96) as moot.

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties, and to the Honorable Richard L. Voorhees.

**SO RECOMMENDED AND ORDERED.**

Signed: March 4, 2010

David S. Cayer
United States Magistrate Judge